IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ARTIS WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1249-JDT-cgc |
| | ) | |
| CORECIVIC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE WITHOUT PREJUDICE
AND ASSESSING $400 CIVIL FILING FEE

Plaintiff Artis Whitehead, Tennessee Department of Correction prisoner number 369413, an inmate currently confined at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed this action jointly with five other inmates pursuant to 42 U.S.C. § 1983. The case was opened as number 17-1104-JDT-cgc. (ECF No. 1.) On March 26, 2018, the Court issued an order severing the Plaintiffs' claims and directing the Clerk to open separate cases for each remaining Plaintiff. (ECF No. 3.) Plaintiff Whitehead's claims were opened as case number 17-1249-JDT-cgc.

Because Plaintiff Whitehead did not sign the complaint,[1] the Court directed the Clerk to send him a copy of the signature page of the complaint and ordered Plaintiff to sign and return it to the Clerk within 30 days or his claims would be dismissed. (*Id.* at 4.) The Court also ordered Plaintiff to submit an *in forma pauperis* affidavit and a copy of his inmate trust account statement within 30

---

[1] Plaintiff did sign two motions for temporary restraining order and the supporting documentation for those motions. (Case No. 17-1104-JDT-cgc, ECF Nos. 3 & 4.)

days, in accordance with 28 U.S.C. §§ 1915(a)-(b). (*Id.* at 4-5.) Plaintiff was warned that failure to do so also would result in the dismissal of his claims as well as the assessment of the entire $400 filing fee from his trust account without regard to the installment procedures of § 1915(b). (*Id.* at 5.)

Plaintiff has not complied with the March 26, 2018 order, and the time for compliance has expired. Therefore, the complaint is hereby DISMISSED without prejudice for failure to prosecute and failure to comply with the Court's order, pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that

any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 111 S. Highland Ave., Room 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of inmate trust accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the NWCX to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE